FILED

December 09, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:40 P.M.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Edward Richards | )  Docket No.   2016-01-0212 |
| | ) |
| v. | )  State File No. 11422-2015 |
| | ) |
| Kiewit Power Constructors Company, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Audrey A. Headrick, Judge | ) |

---

### Affirmed and Remanded—Filed December 9, 2016

---

The employee in this interlocutory appeal suffered multiple hernias in the course and scope of his employment while working for the employer as an electrician. The employer provided medical and temporary disability benefits. After going to work for another employer, the employee experienced a recurrent hernia that he asserted was causally related to the prior hernias. The employer denied the claim on the basis that the recurrent hernia was caused by an intervening event and that the last injurious exposure rule should place liability for that injury on the subsequent employer. The trial court ruled that the recurrent hernia was the direct and natural consequence of the first injury and ordered the employer to provide medical benefits. The trial court denied the employee's request for temporary disability benefits. The employer has appealed. We affirm the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Mary Dee Allen, Cookeville, Tennessee, for the employer-appellant, Kiewit Power Constructors Company

Edward Richards, Candler, North Carolina, employee-appellee, pro se

1

**Factual and Procedural Background**

Edward Richards ("Employee"), an electrician, was working for Kiewit Power Constructors Company ("Employer"), a construction and engineering firm, when he lifted heavy wire and felt pain in his stomach on February 15, 2015. Shortly afterward, he noticed a knot in the same location and reported the injury to Employer. He saw Dr. Donna VanSchuyver the same day and was diagnosed with abdominal pain, a palpable mass, and an abdominal hernia. An abdominal ultrasound confirmed multiple hernias, and Dr. VanSchuyver referred Employee to a surgeon.

Employer provided Employee with a panel of surgeons from which he chose Dr. Claudine Siegert, who recommended surgery to repair the hernias. The surgery was performed and, at a follow-up appointment on May 27, 2015, Dr. Siegert noted Employee was doing well. She had repaired three hernias with mesh and Employee was experiencing no difficulties.

Employee returned to Dr. Siegert for another follow-up on June 10, 2015. He was still doing well with no problems. Dr. Siegert noted Employee would be out of work for a total of six weeks and that he could "resume normal activity without restrictions . . . [and was] encouraged to return to normal lifting slowly and gradually to reduce the risk of recurrent hernia."

After being laid off by Employer, Employee began working as an electrician for another employer, Emory Electric, through a temporary staffing agency. On February 18, 2016, Employee returned to Dr. Siegert reporting he had been "doing well until about two weeks ago when had to carry his 20 [pound toolbox] up 4 flights of stairs." Dr. Siegert's note reflects that, later that evening, he noticed the area around his prior surgical repair was red, tender, and swollen. Approximately a week later, he experienced burning in the area of the prior incision, felt a "squishing sensation," and was able to "push in some contents back into his abdominal cavity." Dr. Siegert diagnosed Employee with an incisional hernia and recommended surgery because "it appears that the mesh from the previous placement has pulled away from the inferior aspect of the repair and has had a 'recurrence' at the inferior aspect of his previous hernia."

In response to questions from Employer concerning the recurrent hernia, Dr. Siegert opined that Employee had "a 10% risk of recurrent hernia after repair. Any lifting, straining, pushing or pulling can be associated with a recurrence. The timing of the 'incident' and observation of a 'new bulge' seem to correlate [with] each other." Dr. Siegert believed the "'new' problem is actually a recurrence of the original hernias." Employee sent his own letter to Dr. Siegert seeking clarification of her opinion with respect to the cause of his recurrent hernia. In response, Dr. Siegert stated that "[t]he recurrent hernia is a direct result of having a previous hernia."

The trial court ruled that the recurrent hernia was the direct and natural consequence of the original hernias and ordered Employer to provide the recommended medical care. The trial court denied Employee's request for temporary disability benefits, finding he had not presented evidence that a physician had taken him off work or assigned work restrictions after his release to full duty on June 10, 2015.[1] Employer has appealed the award of medical benefits for the recurrent hernia.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)   Violate constitutional or statutory provisions;
(B)   Exceed the statutory authority of the workers' compensation judge;
(C)   Do not comply with lawful procedure;
(D)   Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)   Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

## Analysis

Employer raises three issues on appeal: 1) whether the trial court erred in finding Employee was likely to prevail at trial given that his recurrent hernia arose primarily out of his employment with a different employer; 2) whether a subsequent intervening event broke the chain of causation; and 3) whether the last injurious exposure rule should shift liability for Employee's current hernia to his subsequent employer. Each of these issues is premised upon Employer's assertion that Employee's recurrent hernia, rather than being causally related to his prior compensable injury, is the result of his new employment and, therefore, the responsibility of his subsequent employer. The trial court resolved these issues in favor of Employee, finding that he was likely to prove at trial the current hernia arose primarily from the initial injury and is the responsibility of Employer. We find the weight of the evidence does not preponderate against the trial court's decision.

---

[1] Employee has not challenged the denial of temporary disability benefits.

3

An employee bears the burden of proof on every essential element of his or her claim. *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). However, at an expedited hearing, an employee may be granted some relief if he or she comes forward with sufficient evidence from which the trial court can determine the employee is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6.

Admittedly, the medical proof is somewhat equivocal. In correspondence dated March 31, 2016, Employer posed the following question to Dr. Siegert:

> In the visit of February 18, 2016, your notes record [Employee's] history of noticing the symptoms of a hernia shortly after lifting and carrying 20 pounds up four flights of stairs . . . . Assuming this history to be accurate, would you agree that, within a reasonable degree of medical certainty, this incident is the primary cause of the "new" incisional hernia? ("Primary" is defined in the TN law as a greater than 50% cause.) Please explain.

Dr. Siegert responded:

> Yes. [H]e has a 10% risk of recurrent hernia after repair. Any lifting, straining, pushing or pulling can be associated with a recurrence. The timing of the "incident" and the "new bulge" seem to correlate [with] each other. The "new" problem is actually a recurrence of the original hernia.

Employee, seeking clarification from Dr. Siegert, also sent her a series of questions. In response to his inquiry regarding whether the more recent hernia would have occurred had he not experienced the previous hernias, Dr. Siegert opined that having had a previous hernia repair resulted in a higher risk of a recurrent hernia at the same location. Employee also asked whether Dr. Siegert would "agree or disagree within a reasonable degree of medical certainty that this new occurrence is a result of the 10% risk of recurrence that the repair mesh carries with it." In response, Dr. Siegert stated "[t]he recurrent hernia is a direct result of having a previous hernia."

Hence, the authorized physician for Employee's injury has rendered an opinion, the only medical opinion in the record, that Employee's recurrent hernia was "actually a recurrence of the original" hernias and was the "direct result" of his having suffered previous hernias in the same location. The medical evidence is uncontradicted that

4

"mesh [used to repair the prior hernias] pulled away" and that "having a previous hernia repair certainly puts that area of previous surgery at risk of recurrent hernia." Moreover, while Employer argues that Employee's carrying his toolbox up four flights of stairs is the cause of his recurrent hernia, the trial court implicitly determined that Dr. Seigert's acknowledgment of a temporal relationship between the carrying of his toolbox and the development of recurrent symptoms did not outweigh her opinion that the recurrent hernia was a "direct result" of the prior hernias. We cannot conclude that the trial court erred at this stage of the case.

Accordingly, we find that the evidence does not preponderate against the trial court's determination that the chain of causation was not broken by an intervening event and that Employee's subsequent employer is not responsible for benefits related to Employee's current hernia by virtue of the last injurious injury rule. While Employee identified the only work-related activity he could think of that may have been strenuous enough to cause the recurrent hernia, the medical proof is sufficient at this stage of the claim to establish a causal connection between the original hernias and the subsequent hernia. Thus, the determination of the trial court is affirmed.

**Conclusion**

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed. The case is remanded for any further proceedings that may be necessary.[2]

---

[2] On December 5, 2016, Employer filed a motion for oral argument. The motion is denied as moot.



**FILED**

**December 09, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 12:40 P.M.**

### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Edward Richards | ) Docket No.  2016-01-0212 |
| | ) |
| v. | ) State File No.  11422-2015 |
| | ) |
| Kiewit Power Constructors Company, et al. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 9th day of December, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Edward Richards | | X | | | X | 26 Mountain Brook Drive Candler, NC 28715; mojojoot@att.net |
| Mary Dee Allen | | | | | X | mallen@wimberlylawson.com |
| Audrey A. Headrick, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov